CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 22, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WILLIAM H. CARUTHERS,** | )<br>) |
| Plaintiff, | )   Case No. 7:24CV00291<br>) |
| v. | )   **OPINION**<br>) |
| **ROCKINGHAM REGIONAL JAIL MEDICAL DEPARTMENT, ET AL.,** | )   JUDGE JAMES P. JONES<br>)<br>) |
| Defendants. | ) |

*William H. Caruthers, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. After review of the Complaint, I conclude that this action must be summarily dismissed.

I.

Caruthers alleges the following sequence of events on which he bases his § 1983 claims. In early October 2023, Caruthers was confined at the Rockingham/Harrisonburg Regional Jail (jail), but he had not yet been sentenced. Officers ordered the inmates in his cell block to lockdown. As Caruthers was entering his cell, the door started to close, so he stopped. Either Officer Perez or Officer Morbin allegedly said "in your cells right now." Compl. 4, ECF No. 1. So Caruthers moved to enter his cell, but the closing door pinned him against the door

jail. He managed to get free of the door, tripped over an item in the cell, and fell to the floor. Caruthers says, "I know for a fact that they saw it on video and didn't do any thing to help me or stop the door from pinning me . . . when all they would [have] had to do was hit the emergency release button." *Id.* at 4-5.

The next day, Caruthers filed a request to see a doctor as soon as possible. A week later, a nurse examined him, told him he had a "pulled muscle," and prescribed Ibuprofen for two weeks. *Id.* at 5. Caruthers continued to complain about being in pain. Two and a half weeks later, a doctor examined him, said he might have broken ribs, and ordered X rays, blood work, and a urine test. After another two weeks, a nurse informed Caruthers that he had fluid on his lungs and provided him with "infection medicine for 5 days." *Id.* In the meantime, Caruthers saw maintenance staff working on the cell doors. He continued to complain of pain. Staff arranged for him to see a doctor for the fourth time. He claims that he "could barely breath." *Id.* at 6. After he asked for another doctor appointment, staff transferred Caruthers to Middle River Regional Jail (MRRJ).

A nurse at MRRJ immediately obtained Caruthers' medical records from his previous jail facility. A doctor at MRRJ examined Caruthers and said jail staff at the prior facility should have sent him to the hospital the same night as the incident instead of waiting five weeks. After the transfer to MRRJ, Caruthers continued to see the doctor there, was taken to Augusta Health twice, and saw a lung specialist

and a cardiologist.  He reports continued pain, but states that the MRRJ doctor "has been doing all he can to get [him] the right treatment." *Id.* at 7.

In this lawsuit, Caruthers sues the Rockingham/Harrisonburg Regional Jail Medical Department, Officers Perez and Morbin, Supervisor Nick Allman, and Officer Smith.  He alleges that the damage he suffered was caused by their neglect "when all they would of have had to do was hit a simple button to release the pressure of the doors." *Id.*  As relief in the case, Caruthers seeks compensation for his medical bills, pain, and suffering.

## II.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

As an initial matter, Caruthers cannot continue with a § 1983 claim against the jail's medical department as an unspecified group of individuals.  Under § 1983,

"liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks, citation, and alteration omitted). Therefore, I will summarily dismiss the claims against the jail medical department without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim.

As stated, Caruthers also sues four jail officials, including Perez and Morbin, who allegedly ordered him to enter his cell even as his door was already closing. The Eighth Amendment prohibition against cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" so as to violate an inmate's constitutional rights. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). In other words, an official's merely negligent action or inaction that causes injury is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

While I sympathize with Caruthers regarding the injuries he suffered from being pinned by the cell door, he has stated no facts suggesting that any of the named defendants deprived him of his constitutional rights during that incident. At the most, his allegations indicate that an unspecified officer or officers closed the automatic door too early, while another unspecified officer or officers ordered inmates to immediately enter their cells. Caruthers believes some one or more of these officers should have seen the closing door and could or should have pushed a release button to stop the door and prevent its crushing of Caruthers. His assertions about these possibilities, however, are not based on any personal knowledge that he shares in his Complaint. Indeed, he alleges that days later, maintenance staff were working on those same doors. Thus, at the most, his Complaint before the court alleges negligent actions by someone — the maintenance staff before the incident, the officer(s) operating the doors, or Officers Perez and Morbin who were directing inmates to enter their cells. Such negligent actions do not expose a jail official to liability under § 1983. Therefore, I will summarily dismiss the claims against Perez and Morbin.

Moreover, Caruthers does not allege any personal involvement in the incident by Defendants Nick and Smith. He merely names then in the caption of the Complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name

appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019) (quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)). Thus, I must also summarily dismiss all claims against these individuals.

### III.

For the reasons stated, I will summarily dismiss this civil action without prejudice pursuant to § 1997e(c)(1). An appropriate order will enter this day. Such a dismissal leaves Caruthers free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[1]

---

[1] I could permit Caruthers to file an Amended Complaint in this case based on his belief that the medical staff did not provide him appropriate care for the injuries he suffered from the door incident. I decline to do so, because I find that such an amendment would be futile. At the most, Caruthers disagrees with the course and timing of the treatment the jail medical staff provided to him in the days and weeks after the incident.

Only "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "[O]fficials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known serious medical needs." *Sharpe v. S.C. Dept. of Corr.*, 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished).

To prove deliberate indifference, Caruthers must show that the defendant prison official had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's [own] action or inaction." *Jackson*, 775 F.3d at 178 (citing *Farmer*, 511 U.S. at 837). This component requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan. *Estelle*, 429 U.S. at 105-06 ("Medical malpractice does not become a constitutional violation merely because the victim is a

DATED: November 22, 2024

/s/ JAMES P. JONES
Senior United States District Judge

---

prisoner."); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review.").

    Caruthers' submissions do not indicate that anyone ignored his medical needs. Nurses and a doctor examined him multiple times at the jail and provided medication and diagnostic testing to address his complaints of pain. He simply believes he should have received more prompt and different treatment. Such challenges to medical judgments are not reviewable under § 1983.